# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-51047

PAUL GONZALES, SR., individually and as personal representatives of the Estate of Edward G. Gonzales, deceased; ELIZABETH GONZALES, individually and as personal representatives of the Estate of Edward G. Gonzales, deceased,

Plaintiffs-Appellants,

v.

CITY OF KERRVILLE, TEXAS; DONALD H. BUNCH, Individually and in his Official Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-998)

December 20, 1999

Before KING, Chief Judge, and REYNALDO G. GARZA and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

## I.    PROCEDURAL AND FACTUAL BACKGROUND

This appeal arises out of a § 1983 suit brought by the parents of Edward Gonzales (the Gonzales Family).  Edward Gonzales was shot in the chest and killed by Donald Bunch, a sniper with the City of Kerrville Police Department (Police Department), on October 29, 1994 in Kerrville, Texas (the City).  This lawsuit was filed on September 20, 1996, against the City and Officer Bunch by the Gonzales family.  At trial, the Gonzales Family alleged that the City's failure to adequately train its police officers to handle the use of snipers; its failure to utilize non-deadly options such as negotiation or attack dogs; and the failure of Bunch to stay within the chain of

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

command was the cause of their son's death. Additionally, they alleged that Fackelman's lack of formal training in the use of snipers or in the proper procedures for confronting emotionally disturbed persons was a cause of their son's death.

As part of the pretrial proceedings, the Gonzales family filed a memorandum requesting that the district court exclude "any evidence submitted for the purpose of establishing Bunch's objective reasonableness beyond the information of which Bunch was aware at the time he shot Edward Gonzales." However, the district court allowed the "facts surrounding Gonzales' conduct prior to the shooting, if testified to by witnesses subject to cross-examination . . . ." As a result, various facts beyond what Bunch knew at the time he shot Gonzales were brought before the jury, including that Gonzales had hit his cousin with the butt of his rifle earlier on the day he died, and the fact that a bullet shattered the window of a nearby residential complex in which a ten-year-old girl resided. The district court instructed the jury to disregard the testimony regarding Gonzales hitting his cousin.

Especially important are the following facts surrounding the jury's allegedly inconsistent verdict. At trial, the district court charged the jury on the "Failure to Train" allegation, stating that a verdict would be for the Gonzales Family if the jury found that (1) "the City of Kerrville's training program was inadequate to train its officers and employees to carry out their duties" and (2) that "the need for more of different training is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city of Kerrville can reasonably be said to have been deliberately indifferent to the need for such training."

However, the Special Interrogatories instructed the jury not to address the issue of damages unless they found that Bunch had deprived Gonzales of his constitutional rights.[1] The

_____

[1] The special verdict form submitted to the jury was as follows:

Special Interrogatory No. 1:

Do you find from a preponderance of the evidence that either the City of Kerrville or Donald H. Bunch deprived Edward Gonzales of his constitutional rights as defined in this Court's instructions?

jury responded to the Special Interrogatories by finding that the City of Kerrville had violated Edward Gonzales's constitutional rights even though Bunch had not. The jury awarded the Gonzales family $100,000. Despite the jury's verdict, the district court entered a take nothing judgment in favor of the City of Kerrville, finding that once the jury decided that defendant Donald H. Bunch did not violate the rights of Edward G. Gonzales, there was no basis of liability against the City of Kerrville. The Gonzales Family filed a Motion to Alter Judgement and an alternative Motion for New Trial, both of which were denied by the district court. This appeal followed.

---

ANSWER "YES" OR "NO" with respect to each Defendant.

ANSWER:    City of Kerrville _____

Sgt. Donald Bunch _____

If you have answered "Yes" to Special Interrogatory No.1 with respect to Donald Bunch, then answer Special Interrogatory No. 2. If you answered "No" to Special Interrogatory No. 1 with respect to Donald Bunch, then do not answer Special Interrogatory No. 3 (regarding damages).

## II.    DISCUSSION

The Gonzales Family alleges two basis of error.  First they argue that the district court erred in rendering a take-nothing verdict against them and, in the alternative, denying their motions for a new trial or to alter the judgment.  Second, they challenge several of the district court's evidentiary rulings.  Finding no error, we AFFIRM the district court's verdict and evidentiary rulings.

### 1.    The Verdict in Favor of the City.

The district court correctly granted a verdict in favor of the City.  To prevail on a § 1983 suit against the City, the Gonzales Family must prove a) a constitutional injury, here the alleged excessive deadly force by Officer Bunch, and b) that the City authorized or maintained a custom of approving of the unconstitutional conduct.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658  (1978).  Thus the claim against the city must fail if Gonzales' constitutional rights were not violated.

The claim against the City fails as a matter of law.  Only excessive force was alleged as a violation of Gonzales' Constitutional rights.  The only individual alleged to have used excessive force was Bunch, the officer who shot Gonzales.  Thus, the only violation allegedly caused by the City's "failure to train" or by the alleged deficiencies of Sergeant Fackelman's policies regarding the use of snipers, was Bunch's shooting of Gonzales.  Since the jury found, in its answer to the first interrogatory, that the shooting was not a violation of Gonzales' constitutional rights,  it follows that the City's alleged failure to train caused no violation of constitutional rights.  *See Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (*per curium*) (stating that "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite besides the point.")  Thus, there was no violation of constitutional rights on which to base a finding of municipal liability and the City is entitled to judgment as a matter of law under both *Monell* and

*Los Angeles v. Heller.*

## 2.    The Evidentiary Rulings

The district court allowed into evidence the "facts surrounding Gonzales' conduct prior to the shooting, if testified to by witnesses subject to cross-examination . . . ." As a  result, various facts about Gonzales were brought before the jury that were not known to Bunch at the time that he shot Gonzales.  These facts included that Gonzales had hit his cousin several times with the butt of a rifle on the day that Gonzales was shot dead, and the fact that a bullet shattered the window of a nearby residential complex in which a ten year old girl resided.  The district court instructed the jury to disregard the testimony regarding Gonzales hitting his cousin.  This court reviews the district court's admission of evidence for abuse of discretion.  *Jon-T Chemicals, Inc.* v. *Freeport Chem. Co.*, 704 F.2d 1412, 1417 (5th Cir. 1983) (noting that the admission of evidence is within the sound discretion of the district court).  An error in the admission of evidence is reversible only if the evidence complained of affected a substantial right of the Gonzales Family.  *See* FED.R.EVID.103(a).

The Gonzales Family argues that the evidence in question is not probative of whether Officer Bunch's actions were reasonable and that the evidence should thus be excluded given its prejudicial value, i.e. it tends to give the jury the impression that Gonzales was off on a violent rampage and that he was a threat to little girls.  The City responds that the Gonzales' "opened the door" when they had Paul Gonzales, Jr., Edward Gonzales's brother, take the stand to testify about Edward Gonzales' "peaceful nature."  During cross-examination, the City asked Paul Gonzales, Jr. about Edward Gonzales having attacked him on the day in question as well as his having threatened to kill their father.  Given that the Gonzales' opened the door to the testimony, and that the district court limited the prejudicial impact of such testimony with a limiting instruction, there is no abuse of discretion.

The Gonzales' complain about the admission of the testimony of one Ranger Buckaloo who testified, upon cross-examination in answer to questions posed by the Gonzales', that certain

individuals at a nearby apartment building, including a 10 year old girl,  were at risk of being hit by the bullets shot by Gonzales.  Given that the Gonzales' counsel asked the question but did not like the answer, there was no abuse of discretion in allowing the answer into evidence.

Finally, the Gonzales' complain about the admission of various exhibits, including a diagram of the Dam and a 45 minute tape of the incident in question, including officers' comments about bullets whizzing past their heads.  The City points out that the Gonzales' allegations put at issue the reasonableness of how the City's officers were trained and how the City responded to the incident in question.  The City argues that the 45 minute tape describes how the Police Department responded to the incident and portrays the professional conduct of a department alleged to have been improperly trained.  Given the strong relevance of this evidence to issues raised by the Gonzales' allegations of poor training, admission of this evidence was not an abuse of discretion.

## III.    CONCLUSION

The verdict in favor of the City, as well as all the challenged evidentiary rulings, are hereby AFFIRMED.